## WARE *v.* THE STATE.

There was no error of law complained of. The evidence was of such a character as to authorize a finding against the accused on all of the issues raised in the case ; and the discretion of the trial judge, exercised in overruling the motion for a new trial, will not be interfered with.

Argued October 19, —Decided October 24, 1903.

Indictment for arson.      Before Judge Evans.      Hart superior court.    June 23, 1903.

*W. L. Hodges,* for plaintiff in error.

*D. W. Meadow, solicitor-general,* contra.

COBB, J. This case is here upon an exception to the overruling of a motion for a new trial, based upon the general grounds only, in a case where the accused was convicted of the offense of arson. It is insisted that the verdict is contrary to the evidence, for the reason that it was not sufficient to establish the guilt of the accused, and that even if it was, as it showed that the accused was between ten and fourteen years of age, there was not sufficient evidence to authorize the jury to find that he knew the distinction between good and evil. There was evidence from which the jury were authorized to find, not only that there had been an unlawful burning, but also that the accused was the perpetrator of the offense. Such being the case, the discretion of the trial judge exercised in overruling the motion will not be controlled, so far as this question is concerned. While the evidence in reference to the capacity of the accused to commit the crime was somewhat meager, there was some evidence authorizing a finding that he was of sufficient capacity to know the distinction between good and evil, and was therefore responsible for the crime committed by him. There being no exception to the charge, and the charge not being contained in the record, it will be presumed that the jury were fully instructed in reference to the law applicable to such cases; and while the evidence is not altogether satisfactory on this point, we do not feel justified in interfering with the discretion of the trial judge in overruling the motion for a new trial based upon the general grounds only.

*Judgment affirmed.    All the Justices concur.*